SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
JF2248
Attorneys for Defendant CSC Holdings, LLC,
incorrectly identified as Cablevision

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o D.C.S. and D.G., <br><br> Plaintiff, <br><br> v. <br><br> CABLEVISION, ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> Hon. Esther Salas <br><br> Civil Action No. 13-01806 (ES)(SMM) <br><br> ANSWER OF DEFENDANT CSC HOLDINGS, LLC, INCORRECTLY IDENTIFIED AS CABLEVISION, TO COMPLAINT |

Defendant CSC Holdings, LLC ("CSC Holdings"), incorrectly identified as Cablevision, by way of Answer to the Complaint of plaintiff Patient Care Associates LLC a/s/o D.C.S. and D.G., says:

## THE PARTIES

1.    It admits that plaintiff is not a "Network Provider" participating in one of United HealthCare Service Corp.'s network of providers who have entered into or are governed by contractual arrangements under which they agree to provide health care services to participants and accept negotiated fees for their services, and is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.    It admits that it is headquartered at 1111 Stewart Avenue, Bethpage, New York 11714, and denies the remaining allegations contained in paragraph 2.

3.    It denies the allegations contained in paragraph 3.

4.    It admits that it maintains a plan that provides self-funded health benefits for employees and eligible dependents, and denies the remaining allegations contained in paragraph 4.

5.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.    It is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 7 that plaintiff received a written Assignment of Benefits agreement from D.C.S. and D.G., and neither admits nor denies the remaining allegations contained in this paragraph

because they constitute conclusions of law as to which no response is required.

## SUBSTANTIVE ALLEGATIONS

8.   It admits that it maintains a plan that provides self-funded health benefits for employees and eligible dependents (hereinafter "Plan") and that the Plan provided these employees and eligible dependents with the option to visit an "out-of-network" medical provider, which would result in the plan paying any benefits based on the reasonable and customary charge and the employee being responsible for any charges in excess of those paid by the plan, and denies the remaining allegations contained in paragraph 8.

9.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.   It denies the allegations contained in paragraph 10, and refers to a true copy of a Summary Plan Description for the definition of a "reasonable and customary charge."

11.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.   It denies the allegations contained in paragraph 12, and refers to a true copy of the Explanation of Benefits for its exact terms.

13.   It denies the allegations contained in paragraph 13, and refers to a true copy of the Explanation of Benefits for its exact terms.

14.   It admits that plaintiff is demanding payment in the amount of $96,031.28, states that there is no factual or legal basis for plaintiff to demand any additional payment from it, and denies the remaining allegations contained in paragraph 14.

15.   It is without knowledge or information sufficient to form a belief as to the truth of the allegation that "[p]laintiffs submitted appeals for reconsideration of the claim[s]," and denies the remaining allegations contained in paragraph 15.

16.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.   It admits that plaintiff seeks damages, states that there is no factual or legal basis for any damages to be paid to plaintiff, and denies the remaining allegations contained in paragraph 17.

## FIRST COUNT

18.   It repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19.   It admits that all claims asserted by plaintiff in its Complaint are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., as amended, and neither admits nor denies the remaining allegations contained in paragraph 19 because they constitute conclusions of law as to which no response is required.

20.   It admits that it designated the Cablevision Investments & Benefits Committee to manage the Plan and act as the Plan Administrator, and neither admits nor denies the remaining allegations contained in paragraph 20 because they constitute a conclusion of law as to which no response is required.

21.   It admits that it designated the Cablevision Investments & Benefits Committee to manage the Plan and act as the Plan Administrator, and neither admits nor denies the remaining allegations contained in paragraph 20 because they constitute a conclusion of law as to which no response is required.

22. It neither admits nor denies the allegations contained in paragraph 22 because they constitute conclusions of law as to which no response is required.

23. It neither admits nor denies the allegations contained in paragraph 23 because they constitute conclusions of law as to which no response is required.

24. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. It neither admits nor denies the allegations contained in paragraph 25 because they constitute conclusions of law as to which no response is required.

26. It neither admits nor denies the allegations contained in paragraph 26 because they constitute conclusions of law as to which no response is required.

27. It admits that plaintiff has sought additional payment under the Plan for services allegedly rendered, states that there is no factual or legal basis for plaintiff's demand for additional payment, and denies the remaining allegations contained in paragraph 27.

28. It denies the allegations contained in paragraph 28.

29. It denies the allegations contained in paragraph 29.

30.  It denies the allegations contained in paragraph 30.

31.  It denies the allegations contained in paragraph 31.

## SECOND COUNT

32.  It repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.  It neither admits nor denies the allegations contained in paragraph 33 because they constitute conclusions of law as to which no response is required.

34.  It neither admits nor denies the allegations contained in paragraph 34 because they constitute conclusions of law as to which no response is required.

35.  It neither admits nor denies the allegations contained in paragraph 35 because they constitute conclusions of law as to which no response is required.

36.  It neither admits nor denies the allegations contained in paragraph 36 because they constitute conclusions of law as to which no response is required.

37.  It denies the allegations contained in paragraph 37.

38.  It denies the allegations contained in paragraph 38.

**THIRD COUNT**

39.  It repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.  It denies the allegations contained in paragraph 40.

41.  It is without knowledge or information sufficient to form a belief as to the information known to plaintiff at the time it agreed to perform the medical services described in the Complaint, and denies the remaining allegations contained in paragraph 41.

42.  It denies the allegations contained in paragraph 42.

43.  It denies the allegations contained in paragraph 43.

**FOURTH COUNT**

44.  It repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.  It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

WHEREFORE, defendant CSC Holdings demands judgment in its favor and against plaintiff Patient Care Associates LLC

a/s/o D.C.S. and D.G., dismissing the Complaint with prejudice, together with attorneys' fees and costs under 29 U.S.C. § 1132(g)(1), costs of suit and such other and further relief as the Court may deem just and proper.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim against CSC Holdings upon which relief can be granted.

## SECOND SEPARATE DEFENSE

This Court lacks in personam jurisdiction over CSC Holdings because plaintiff served the Complaint against CSC Holdings by mail, which is insufficient service of process.

## THIRD SEPARATE DEFENSE

The claims in the Complaint asserted against CSC Holdings are barred, in whole or in part, by the terms, conditions, limitations and exclusions contained in the Plan.

## FOURTH SEPARATE DEFENSE

Plaintiff does not have standing to assert the claims purportedly alleged in the Complaint.

## FIFTH SEPARATE DEFENSE

The claims in the Complaint against CSC Holdings are barred by 29 U.S.C. §1132(a) because plaintiff is not one of the "persons empowered to bring a civil action" under ERISA.

<u>SIXTH SEPARATE DEFENSE</u>

The claims in the Complaint against CSC Holdings are barred by plaintiff's assignors' failure to exhaust their administrative remedies.

<u>SEVENTH SEPARATE DEFENSE</u>

The claims in the Complaint against CSC Holdings are barred by the doctrines of waiver and estoppel.

<u>EIGHTH SEPARATE DEFENSE</u>

The claims in the Complaint are barred by the doctrine of accord and satisfaction.

<u>NINTH SEPARATE DEFENSE</u>

Any claims determinations that are the subject of this action were not arbitrary, capricious, unreasonable or made in bad faith.

<u>TENTH SEPARATE DEFENSE</u>

At all relevant times, CSC Holdings acted in accordance with the Plan and Summary Plan Description.

<u>ELEVENTH SEPARATE DEFENSE</u>

The Third Count of the Complaint purporting to assert a state law negligent representation claim against CSC Holdings is barred by 29 U.S.C. §1144(a) because the provisions of ERISA supersede and preempt any and all state laws and state law claims insofar as they relate to employee benefit plans.

## TWELFTH SEPARATE DEFENSE

The Third Count of the Complaint purporting to assert a negligent misrepresentation claim against CSC Holdings is barred by the absence of a "special relationship" between plaintiff and CSC Holdings.

WHEREFORE, defendant CSC Holdings demands judgment in its favor and against plaintiff Patient Care Associates LLC a/s/o D.C.S. and D.G., dismissing the  Complaint with prejudice, together with attorneys' fees and costs under 29 U.S.C. §1132(g)(1), costs of suit and such other and further relief as the Court may deem just and proper.

SAIBER LLC
Attorneys for Defendant
CSC Holdings, LLC,
incorrectly identified as
Cablevision


By:_____
        JAMES H. FORTE
    A Member of the Firm

Dated: April 26, 2013

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I hereby certify that the matter in controversy is not, to the best of my knowledge, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

JAMES H. FORTE

Dated:   April 26, 2013